UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTEL ANDREW WEST,

Plaintiff,

v.

ISRAEL DAVIDOV, *et al.*,

Defendants.

Case No. 26-cv-10759
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

_____

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SERVICE BY THE
U.S. MARSHALS SERVICE, FOR APPOINTMENT OF COUNSEL, AND
FOR ORDER TO PRESERVE EVIDENCE
(ECF NOS. 4, 5)**

_____

Plaintiff Quintel Andrew West, a pro se prisoner of the Michigan

Department of Corrections, brings this action under 42 U.S.C. § 1983,

alleging that defendants were deliberately indifferent to his serious medical

needs, in violation of the Eighth Amendment.  ECF No. 1.  He also brings

supervisory and municipal liability claims, as well as state-law claims.  *Id.*

The Honorable Linda V. Parker referred the case to the undersigned for all

pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 10.

West first moves for the United States Marshals Service (USMS) to

serve his complaint on defendants.  ECF No. 4.  The Court already entered

an order directing the USMS to effect service of process.  ECF No. 9.

West's motion is thus **DENIED** as moot.

West also moves to appoint counsel.  ECF No. 4.  Under 28 U.S.C.

§ 1915, "[t]he court *may* request an attorney to represent any person

unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).

Although a district court is vested with broad discretion in determining

whether to appoint counsel for an indigent civil litigant, appointment of such

counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605

(6th Cir. 1993).  Courts seldom appoint counsel in a civil case absent a

showing of "exceptional circumstances."  *Id*. at 606.  Appointment of

counsel under § 1915(e)(1) is rare because "there are no funds

appropriated to pay a lawyer or to even reimburse a lawyer's expense."

*Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must

be a showing of "exceptional circumstances."  *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court

considers the nature of the case, the party's ability to represent himself, the

complexity of the case, and whether the claims being presented are

frivolous or have a small likelihood of success.  *Id.*  Because courts

consider the party's likelihood of success, "[a]ppointment of counsel is

almost always denied prior to the exhaustion of dispositive motions."  *Dixon*

*v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

West contends that he lacks the legal training necessary to address the complex legal issues presented in this case and suffers severe pain. But he has shown that he is competent to proceed pro se. West's complaint and other filings are typed, easily understood, and make clear arguments. *See* ECF No. 1; ECF No. 4; ECF No. 5. And West presents straightforward claims stemming from alleged deliberate indifference to his medical needs. For these reasons, West's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Last, West moves for an order requiring defendants to preserve evidence. ECF No. 5. "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (cleaned up). And "preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available

3

remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion." *Id.*

Defendants will be bound by the duty to preserve relevant evidence once they receive notice of the case and West shown no danger that relevant evidence will be lost or destroyed.  If evidence is not properly preserved, West may move for sanctions under Federal Rule of Civil Procedure 37.  On these grounds, West's motion for an order to preserve evidence is **DENIED**.  *See Bibb v. Cnty. of Monroe*, No. 25-13894, 2026 WL 117422, at *2 (E.D. Mich. Jan. 15, 2026).

<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 20, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

4