UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTEL ANDREW WEST,

Plaintiff,

v.

ISRAEL DAVIDOV, *et al.*,

Defendants.

Case No. 26-cv-10759
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION
(ECF NO. 3)**

---

## I.    Introduction

Plaintiff Quintel Andrew West, a pro se prisoner of the Michigan

Department of Corrections (MDOC), brings this action under 42 U.S.C.

§ 1983, alleging that defendants were deliberately indifferent to his serious

medical needs, in violation of the Eighth Amendment.  ECF No. 1.  He also

brings supervisory and municipal liability claims and a state-law gross

negligence claim.  *Id.*  West's claims stem from allegedly deficient dental

care for a fractured tooth.  *Id.*  He claims that Defendants Israel Davidov,

Kyung Cho, and Jong Choi, all dentists, failed to inform him of the fracture

and instead unsuccessfully attempted fillings.  *Id.*  After the fracture became apparent, they allegedly referred West for tooth extraction and informed him that, while restorative measures like bonding, crowns, or a root canal could help, MDOC policy prevented such treatment.  *Id.*

The Honorable Linda V. Parker referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 10.  West moves for a temporary restraining order (TRO) and preliminary injunction to prevent the tooth extraction and require an independent dental evaluation.  ECF No. 3.  The Court **RECOMMENDS** that West's motion be **DENIED**.

## II.    Analysis

### A.

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy."  *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002).  To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the preliminary injunction would substantially harm others; and (4) whether the requested relief would serve the public interest.  *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).  These factors guide the Court

in resolving the motion but are not rigid prerequisites.  *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995).  That said, "a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The movant bears a heavy burden of proving entitlement to injunctive relief.  *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).  West does not meet this heavy burden.

**B.**

West has not shown a likelihood of success on the merits of his claims.  His two-page motion is barebones, conclusory, and devoid of any argument or evidence.  *See generally* ECF No. 3.  He has not shown that the dental care he received was deficient, that any supervisor encouraged or directly participated in the alleged deprivation of medical care, or that a municipal policy resulted in a constitutional violation.  *See Rose v. Caruso*,

3

No. 06-10961, 2007 WL 909583, at *6 (E.D. Mich. Mar. 23, 2007) (denying injunction when no evidence in the record supported the plaintiffs' claims).

West's complaint includes 67 pages of exhibits, including medical records. ECF No. 1. But the Court need not scour the record on West's behalf to develop his arguments in his motion for a TRO. *See Sutherland v. Warren*, No. 18-cv-13568, 2019 WL 13368706, at *2 (E.D. Mich. Dec. 6, 2019), *adopted*, 2020 WL 13789265 (E.D. Mich. Feb. 10, 2020) (declining to review hundreds of pages of documents that were in the record but were not attached to the relevant motion). "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019). And to comb through the exhibits and fashion an argument for West "is beyond the purview of the courts' judicial role and can result in the subversion of the court's neutrality." *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("Requiring district courts to advise pro se litigants…would undermine district judges' role as impartial decisionmakers.").

West has not shown irreparable harm, either. "Although the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures*, 39 F. App'x

4

at 967.  The irreparable injury alleged must be "both certain and immediate, rather than speculative or theoretical."  *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

West seeks an injunction preventing defendants from extracting his fractured tooth and requiring an independent dental evaluation and adequate pain treatment.  ECF No. 3.  Again, his skeletal motion provides no evidence that a tooth extraction is imminent.  *See Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-cv-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) (denying motion for TRO because the plaintiff provided no evidence that an eviction was imminent).  Rather, he offers only his vague and speculative allegation that defendants "insist" that "extraction is the only option."  ECF No. 3, PageID.89.  Nor has West discussed any proof that defendants' medical judgment is so incompetent or reckless that permitting a tooth extraction to proceed would cause irreparable harm.  *See Fisher v. Overton*, No. 03-CV-71804, 2005 WL 8167562, at *2 (E.D. Mich. May 26, 2005) ("Plaintiff provides no evidence to support the nature and scope of the irreparable harm he would suffer.").

Because West has not shown a likelihood of success or irreparable harm, the Court need not weigh the third and fourth factors.  *See D.T. v.*

*Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) ("When one factor is dispositive, a district court need not consider the others.").

### III.    Conclusion

The Court thus **RECOMMENDS** that West's motion for TRO and preliminary injunction be **DENIED** (ECF No. 3).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 20, 2026

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
