UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTEL ANDREW WEST,

  Plaintiff,

              Case No. 26-cv-10759
v.              Honorable Linda V. Parker

ISRAEL DAVIDOV, DDS, et al.,

  Defendants.

_____/

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 13) AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF NO. 3)

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, initiated this pro se civil rights lawsuit on March 6, 2026, asserting deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 1.) Plaintiff's claims arise from a fractured tooth, which he alleges Defendants failed to properly treat and now improperly want to extract because, they say, MDOC policy prevents them from offering restorative measures. Plaintiff has filed a motion for a temporary restraining order ("TRO") and preliminary injunction to prevent the tooth extraction and require an independent dental evaluation. (ECF No. 3.)

The matter has been referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.)  On March 20, 2026, Magistrate Judge Stafford issued a Report and Recommendation (R&R), recommending the denial of Plaintiff's motion.  (ECF No. 13.)

In the R&R, Magistrate Judge Stafford finds Plaintiff's motion to be "barebones, conclusory, and devoid of any argument or evidence."  (*Id*. at PageID.114.)  While Plaintiff attached medical records to the motion, Magistrate Judge Stafford notes that he did not direct the court to particular pages of the record but left it for the court to dig through the materials to find evidence supporting his claims.  (*Id*. at PageID.115.)  Magistrate Judge Stafford concludes that Plaintiff failed to show that the dental care he received was deficient, that any supervisor named as a defendant encouraged or directly participated in the alleged deprivation of medical care, or that a municipal policy resulted in any constitutional violation.  (*Id.* at PageID.114.)  Magistrate Judge Stafford also concludes that Plaintiff has not shown irreparable harm because he does not provide evidence that an extraction is imminent or that he would suffer irreparable harm if the tooth is extracted.  (*Id.* at PageID.116.)

2

Plaintiff filed objections to the R&R on April 7.  When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "the district court is not required to articulate all of the reasons it rejects a party's objections."  *Ranke v. Federspiel*, 731 F. Supp. 3d 856, 858 (E.D. Mich. 2024) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the reviewing court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

When deciding whether to grant injunctive relief, courts must consider four factors: (1) whether the plaintiff "has shown a strong likelihood of success on the merits;" (2) whether the plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest.  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  These factors "are to be balanced against each other."  *Id.*  Nevertheless, "the likelihood of success on

3

the merits often will be the determinative factor." *Cameron v. Bouchard*, 815 F. App'x 978, 983 (6th Cir. 2020) (quoting *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014)).

The Court finds that Plaintiff shows irreparable harm if his tooth is extracted, as it precludes the alternative, restorative form of treatment Plaintiff is seeking in this case. Plaintiff also shows that the extraction of his tooth is imminent, unless he refuses to allow the procedure, although this seems to mean that he will be required to endure pain because Defendants refuse to offer an alternative option. Nevertheless, the Court agrees with Magistrate Judge Stafford that Plaintiff fails to demonstrate a likelihood of success on the merits.

The Eighth Amendment requires prison officials to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *see also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). "Dental needs fall into the category 'of serious medical needs' because 'dental care is one of the most important needs of inmates.'" *Flanory*, 604 F.3d at 253 (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)) (brackets omitted).

4

"Deliberate indifference" is judged under a two-prong framework consisting of objective and subjective requirements.  *See id.* (citing *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).  "To satisfy the objective component, the injury must be sufficiently serious."  *Id.* (citations omitted).  "The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety."  *Id.* at 254 (citations omitted).

As significant here, "[d]eliberate indifference 'entails something more than mere negligence.'"  *Id.* (quoting *Farmer*, 511 U.S. at 835).  It also requires something more than a disagreement with the chosen treatment.  *See Phillips v. Tangilag*, 14 F.4th 524, 534-35 (6th Cir. 2021).  "Only grossly or woefully inadequate care—not just care that falls below a professional standard—can be called 'cruel and unusual.'"  *Id.* at 535 (collecting cases).  "This test avoids turning the Eighth Amendment into a federal malpractice statute."  *Id.*

Plaintiff's allegations fail to meet this standard.  He does not show that extraction constitutes "grossly or woefully inadequate care."  Instead, he shows only that he prefers an alternative course of treatment, or at most that alternative approaches are available.

For these reasons, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Stafford's recommendations.

5

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a TRO or a preliminary

injunction (ECF No. 3) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 8, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, April 8, 2026, by electronic and/or U.S.
First Class mail.

s/Aaron Flanigan
Case Manager